# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 17-20148-CR-SCOLA

**UNITED STATES OF AMERICA**

**v.**

**LISLEY AVILA-POWER,**

**Defendant.**

_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MOTION FOR VARIANCE/ DOWNWARD DEPARTURE

The United States, by and through the undersigned Assistant United States Attorney, hereby files its response to the motion for variance and/or downward departure filed by defendant Lisley Avila-Power.   In support of its response, the United States avers as follows:

### Defendant's Conduct Does Not Warrant a Downward Variance or Departure.

Defendant Lisley Avila-Power should not be awarded a downward variance or departure from the applicable sentencing guideline calculation. For the reasons set forth below, this Court should reject any request for a downward variance and impose a term of imprisonment within the applicable advisory guideline level.

Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 330, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), courts review a defendant's sentence for reasonableness. *See United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir.2005). After Booker, a district court, in determining a reasonable sentence, must correctly calculate the advisory guidelines range and then consider the factors set forth in 18 U.S.C. § 3553(a).   *United States v. Talley*, 431 F.3d 784, 786 (11th Cir.2005); *Winnegar*, 422 F.3d at 1246.   The factors set forth in § 3553(a) serve as a guide in this review.   *Id*. at 1246.   Those factors include: (1) the nature and circumstances of the

offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; and (5) the guideline range.  *See* 18 U.S.C. § 3553(a).

Post Booker precedents emphasize that district courts must correctly calculate the advisory guideline range before granting a variance, *see United States v. Crawford*, 407 F.3d 1174, 1178 1179 (11th Cir. 2005), and that traditional guidelines departures are still an integral part of the sentencing process post Booker, *see United States v. Jordi*, 418 F.3d 1212, 1215 (11th Cir. 2005). Under this framework, defendant terms his request for a sentence less than the guideline sentence pursuant to § 3553(a) as a variance rather than a departure.  *See United States v. Scott*, 426 F.3d 1324 (11th Cir. 2005) (distinguishing between departures from the guideline range and variances pursuant to the § 3553(a) factors).   A variance is a sentence outside the applicable advisory guideline range that is imposed after such range, including any departures, has been correctly calculated.  *See United States v. Irizarry*, 458 F.3d 1208, 1211 12 (11th Cir. 2006).

A district court may only depart or vary from the Sentencing Guidelines when there is an "aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). When making this determination, the court may "consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission."   *Id.*

In view of these sentencing principles, a sentence within the applicable sentencing guidelines range, taking into account defendant's offense conduct, her personal history and circumstances, just punishment, and adequate deterrence, is reasonable.  As the Booker Court noted, "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines

and take them into account when sentencing." *Booker*, 125 S.Ct. at 767.    A sentence within the Guidelines range would satisfy one of the explicit § 3553(a) factors.   *See* 18 U.S.C. § 3553(a)(4).

Defendant relies on several grounds for a downward departure or variance, including her parents' participation in interviews with federal agents in an effort to provide substantial assistance.  This information is not presently actionable and consequently the government is not extending any motion for downward departure pursuant to U.S.S.G. § 5K1.1.

To the contrary, defendant's stance seeking a downward variance consciously overlooks the real casualty that resulted from her actions, that is, the grave harm she brought to national federal health care programs that are dedicated to providing medical coverage to their members. It is without cavil that the assault on the national health care programs by persons such as defendant contributes greatly to the inflated cost of health coverage borne by the public.   In such a case, it is incumbent upon the Court to send a strong, clear message to the public that such a violation of the collective trust cannot and will not be tolerated.   In this case, such a message is all the more required given the breadth of the criminal activity to which defendant pleaded guilty.

In light of the extenuating nature of defendant's corrupt actions, a reduced sentence, as advocated by defense counsel, would absolve defendant of her egregious conduct and provide little deterrent to like-minded offenders. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment cries out for a sentence commensurate with that advised by the Sentencing Guidelines.   These factors are unquestionably legitimate, and, serve as a reasonable basis upon which to not vary downward from the advisory guideline range.

In sum, the record reveals nothing to indicate that the range of sentence prescribed under the Sentencing Guidelines is unreasonable in light of the § 3553(a) factors, and defendant's request for a below guidelines sentence should be rejected.

## CONCLUSION

WHEREFORE, based on the foregoing, the United States respectfully requests that the Court consider the position of the United States with respect to the motion for a downward departure and/or variance filed by defendant Lisley Avila-Power in the instant case.

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By:   /s/ Christopher J. Clark
CHRISTOPHER J. CLARK
Assistant United States Attorney
Florida Bar No. 0588040
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9167
christopher.clark@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 16, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ Christopher J. Clark
CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY

4