UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.

OSVALDO AVILA-TORRES, LYDIA
POWER DIAZ, and LISLEY AVILA
POWER,

   Defendants.
_____/

CASE NO.: 17-20148-CR-SCOLA

## THIRD PARTY PETITIONER CALIBER HOME LOANS, INC.'S MOTION FOR RELIEF FROM FINAL ORDER OF FORFEITURE

Third Party Petitioner, CALIBER HOME LOANS, INC. ("Caliber"), by and through its undersigned counsel, hereby files this Motion for Relief from Final Order of Forfeiture pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and states as follows:

### FACTS

1. On September 19, 2017, the Court entered a Preliminary Order of Forfeiture, which forfeited the interests of Osvaldo Avila-Torres, Lydia Power Diaz and Lisley Avila Power in certain property, including the real property located at 14140 Cypress Court, Miami, Florida (the "Property"). (*See* Doc. 66).

2. On September 18, 2018, the Government filed a Motion for Final Order of Forfeiture (Doc. 95). In support of that Motion, the Government alleged that it provided notice of the forfeiture to all persons and entities known to have an alleged interest in the Property, including Caliber and attached copies of the purported "direct notices" (Doc. 95-1) (the "Direct Notice").

1

The Court entered a Final Order of Forfeiture on September 20, 2018. (Doc. 96) (the "Forfeiture Order").

3. With respect to Caliber, the Government also included a proof of delivery from Federal Express showing a delivery date of November 15, 2018. While the "Notice of Judicial Forfeiture Proceedings" is addressed to Caliber Home Loans, Inc. at 3701 Regent Boulevard, Irving, TX 75063, the FedEx proof of delivery states that the package was delivered to "FedEx Location" at 5000 Hanson Drive, Irving, TX 75038. (Doc. 95-1, pg. 3).

4. On November 9, 2018, Caliber filed its Petition in the above-styled case pursuant to 21 U.S.C. §853(n) (the "Petition"), asserting that Caliber holds a duly recorded mortgage (the "Mortgage") against the Property (Doc. 97). As set forth in Caliber's Petition (Doc. 97), as a bona fide lender, Caliber has a meritorious claim of an interest in the Property, which should not be subject to forfeiture.

5. On November 30, 2018, the Assistant United States Attorney (the "U.S. Attorney") filed a Motion to Dismiss Third Party Petition of Caliber Home Loans, Inc. and Motion to Quiet Title (Doc. 101) (the "Motion to Dismiss"), seeking to dismiss the Petition and quiet title to the Property on the basis that Caliber allegedly failed to timely respond to the preliminary order of forfeiture entered with respect to the Property.

6. Contemporaneous with the filing of this Motion, Caliber is also filing an opposition to the Government's Motion to Dismiss and Motion to Quiet Title.

## ARGUMENT

7. Pursuant to Fed. R. Civ. P. 60(b), "[t]he court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on "(1) mistake, inadvertence, surprise, or excusable neglect" or where "(4) the judgment is void."

8. Caliber asserts that it is entitled to relief from the Forfeiture Order on the grounds that it is void for lack of due process and/or, to the extent the requirements of due process were met, that Caliber's failure to timely respond to the Government's facially deficient notice was the result of excusable neglect.

9. Because "[f]orfeitures of property are not favored", courts are "sensitive of the mandate which requires the government to provide adequate notice to potential claimants in forfeiture proceedings." *United States v. Estevez*, 845 F.2d 1409, 1412 (7th Cir. 1988). Consequently, the Government's effort to deprive Caliber of its duly recorded property interest must be viewed through the lens of Caliber's due process rights. Due process requires that practicability must be weighed against the reasonable expectations of party whose interests are at stake and, as such, notice which may be adequate in some instances may fail to meet the requirements of due process in others. *See id.*, at 659 (finding that notice by publication was sufficient as to defendants whose address was unknown, but service by mail was required as to defendants with a known address).

10. Courts have acknowledged that a forfeiture order may be set aside under Rule 60, of the Federal Rules of Civil Procedure, where the moving party did not receive notice reasonably calculated to appraise the movant of the proposed forfeiture and provide an opportunity to present objections. *See U.S. v. $41,320 U.S. Currency*, 9 S.Supp.3d 582, 586-87 (D.Md. 2014) (Forfeiture order set aside, despite movant's knowledge of seizure, on grounds that defendant was not provided adequate notice of actual forfeiture proceeding). Furthermore, courts have also found that a forfeiture order may be set aside on the grounds of excusable neglect. *United States v. Estevez*, 845 F.2d 1409, 1412 (7th Cir. 1988).

11.     Here, the proof of delivery is facially deficient in that it was not delivered to the address identified in the body of the notice. Although the U.S. Attorney asserts that, in addition to the notice included in the proof of delivery, it provided later notice (the "Counsel Notice") to Caliber's counsel in a state court action filed to foreclose Caliber's mortgage against the Property, such notice does not comport with the requirements for service. Supplemental Rule G(4)(b)(iii), Fed. R.Civ. P. (providing that notice may be sent to claimant's attorney, but specifically limiting that to attorneys representing claimant in proceedings related to the criminal investigation or seizure of the property). Accordingly, the Forfeiture Order should be set aside for facially deficient notice to Caliber.

12.     Moreover, even to the extent that the U.S. Attorney contends that Caliber received actual notice of the forfeiture, such notice was not reasonably calculated under the circumstances to afford Caliber an actual opportunity to present its objections. *Mullane*, 70 S.Ct. at 657 ("The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it."). Caliber is a duly formed corporation, with established and publicly available channels for service of process on authorized agents. Those channels are specifically formulated to ensure that service on such authorized agents will be brought to the prompt attention of those individuals within Caliber with the knowledge and authority to act accordingly to protect the property interest at stake. *See e.g.* Rule 4, Fed. R.Civ. P.; *see also* Fla. Stat. § 48.081 (requiring service on a corporation via specified authorized agents); *and* Fla. Stat. § 48.091 (requiring designation of a registered agent for service of process).

13.     Notwithstanding, the U.S. Attorney flagrantly ignored the channels put in place specifically (and by mandate of otherwise applicable law) to ensure that a threat to Caliber's property interest, such as the proposed Forfeiture thereof, would be promptly and appropriately

addressed. Instead, the Direct Notice was addressed to a general address of Caliber (different from Caliber's address for service of process) and without directing it to the attention of any specified officer or director. Moreover, to the extent the U.S. Attorney relies on the Counsel Notice, Caliber retained its foreclosure counsel expressly in connection with the state court foreclosure and the U.S. Attorney did not have any basis to assume that Caliber entrusted its foreclosure counsel with the protection of Caliber's property interests vis a vis the forfeiture action. *Compare* Supplemental Rule G(4)(b)(iii) (expressly allowing service on attorneys retained by claimant in connection with the seizure of the property or the criminal case).

14. Accordingly, to the extent Caliber is deemed to have received actual notice, such notice does not meet the requirements of due process because it was not reasonably calculated under the circumstances to provide Caliber with an actual opportunity to timely present its objections. *Mullane*, 70 S.Ct. at 657 ("But when notice is a person's due, process which is a mere gesture is not due process.").

15. Finally, to the extent Caliber is deemed to have received actual notice, the Forfeiture Order should be set aside otherwise on the grounds of excusable neglect. More specifically, the U.S. Attorney flagrantly ignored established channels for bringing the proposed forfeiture to the attention of those individuals within Caliber with the knowledge and authority to act promptly to protect the property interest at stake. The U.S. Attorney did so despite the fact that mail service via such established channels would have imposed no further burden or delay and despite the fact that the U.S. Attorney, in its own Motion to Dismiss, acknowledges the importance, in the context of serving a non-individual, of providing notice via the proper channels. [1]

---

[1] The Government explains that it did not respond to Caliber's separate foreclosure action because the foreclosure complaint was not routed to the Asset Forfeiture Division of the U.S. Attorney's office. By the same reasoning, in failing to serve Caliber through its registered agent, or even to address the Direct Notice to the attention of an officer or director, the notice was not reasonably calculated to elicit a timely response from Caliber.

16. Moreover, the Government would not be prejudiced by an adjudication of Caliber's interest at this time. *See United States v. Borromeo*, 945 F.2d 750, 754 (4th Cir. 1991) ("The government is not 'prejudiced' solely because [the Petitioner's] claim may turn out to be meritorious."). As the *Borromeo* court recognized, the forfeiture statutes are designed to obtain the forfeiture of the "fruits and instrumentalities" of the crime, "while preserving the rights of unwitting, innocent owners of such property." *Id.* As a result, "[t]he degree to which the government has achieved that goal is not measured by the value of the property forfeited." *Id.* Instead, "[i]f [the petitioner's] claim is valid, and the government can restore [its] property to [it] while retaining what is properly forfeited, the action is a success; justice and congressional intent are satisfied." *Id.*

**WHEREFORE**, Caliber Home Loans, Inc., respectfully requests the Court enter an order granting its Motion for Relief from the Final Order of Forfeiture and setting aside the Final Order of Forfeiture with respect to Caliber and consider the merits of Caliber's Petition asserting an interest in the Property.

/s/ TABITHA S. ETLINGER
Tabitha S. Etlinger (FBN: 75052)
Primary email: tetlinger@bradley.com
Secondary email: ddecker@bradley.com
**BRADLEY ARANT BOULT CUMMINGS LLP**
100 N. Tampa Street, Suite 2200, Tampa, FL 33602
Telephone: (813) 559-5500 | Fax: (813) 229-5946
*Counsel for Caliber Home Loans, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on January 29, 2019, a true and correct copy of the foregoing has been furnished to all counsel of record via the CM/ECF system.

/s/ TABITHA S. ETLINGER
Attorney